James B. JACKSON, Plaintiff,

v.

Harold STINCHCOMB, Individually and as Fire Chief of the City of Sarasota, Florida, William Schultz, Individually and as Captain and Assistant Fire Chief of the City of Sarasota, Florida, Elmer Taylor, Individually and as a Captain of the Fire Department of the City of Sarasota, Florida, Everett W. Erdoesy, Individually and as Director of Personnel and Safety Activities of the City of Sarasota, Florida, Kenneth Thompson, Individually and as City Manager of the City of Sarasota, Florida, Elmer G. Berkel, Individually and as Commissioner of the City of Sarasota, Florida, Thomas J. Saprito, Individually and as Commissioner of the City of Sarasota, Florida, Ted M. Sperling, Individually and as Commissioner of the City of Sarasota, Florida, Frederick E. Soto, Individually and as Commissioner of the City of Sarasota, Florida, and Ronald W. Norman, Indiv. and as Mayor and Commissioner of the City of Sarasota, Defendants.

No. 77–878 Civ. T–K.

United States District Court, M. D. Florida, Tampa Division.

Feb. 21, 1978.

Order May 31, 1978.

John C. Dent, Jr. and Geoffrey Pflugner, Sarasota, Fla., for plaintiff.

Jackson, Lewis, Schnitzler & Krupman, New York City, William C. Strode, Sarasota, Fla., John R. Bush, Tampa, Fla., for defendants.

## ORDER

KRENTZMAN, District Judge.

This case came before the Court upon the plaintiff's motion for injunctive relief filed on February 9, 1978. Both parties filed substantial memoranda of law and affidavits.

The motion was heard February 16, 1978.

Plaintiff contends that he was arbitrarily and unreasonably terminated from his employment as a Firefighter–EMT 1 with the City of Sarasota because of his prior felony conviction. Plaintiff was adjudicated guilty of attempted armed robbery in the State of Louisiana on April 29, 1966, when he was 18 years of age, was given a five year suspended sentence and placed on probation for five years. His probation was terminated on February 17, 1970, and he applied for a position as a fireman with the City of Sarasota on October 2, 1974. On January 20, 1975 he began to work for the City of Sarasota, and was discharged by the City Manager of Sarasota on February 4, 1978, upon the disclosure of his conviction.

Plaintiff's contention that he was unreasonably and arbitrarily terminated relies upon Fla.Stat. § 112.011(2)(b) which contains a special exception for firemen from the general rules of eligibility for employment with the State of Florida or its municipalities. That subsection provides that a fireman may be employed even though he has a prior felony conviction if there is a four year hiatus between either the discharge from probation or the expiration of the sentence and the date of application for employment. The plaintiff clearly meets the four year provision in Fla.Stat. § 112.-011(2)(b). To counter this argument defendant urges the provisions of Fla.Stat. § 633.34(3) which state, "Any person initially employed as a firefighter must: (3) Not have been convicted of a felony . . ."

The legislative history of the two Florida statutes indicates that § 633.34(3) was enacted in 1969 and renumbered in 1973 and § 112.011(2)(b) was enacted in 1973. The announced legislative purpose for § 112.011(2)(b) is to permit a one-time offender to hold public employment as firemen. *See* Senate Bill 71–115. Given the relative enactment dates and the legislative purpose of the later statute, and applying general rules of statutory construction, the Court is of the opinion the exception delineated in Fla. Stat. § 112.011(2)(b) modifies the provisions of Fla.Stat. § 633.34(3). *See* Fla.Atty.Gen. Op.No. 72–108 (March 27, 1972) and Fla. Atty.Gen.Op.No. 73–355 (Sept. 20, 1973).

In view of the defendants' disregard for the modifying effect which Fla.Stat. § 112.011(2)(b) has on Fla.Stat. § 633.34(2), the Court is of the opinion the defendants' action in terminating the plaintiff was arbitrary and unreasonable and amounts to a denial of due process. *Thompson v. Gallagher*, 489 F.2d 443 (5th Cir. 1973).

Additionally, it is clear from the termination letter which the plaintiff received that he was discharged without the prophylactic pretermination procedures as set forth in *Thurston v. Dekle*, 531 F.2d 1264 (5th Cir. 1976). Indeed, an application of the *Thurston* guidelines might have averted the plaintiff's termination in this instance.

· The Court, having considered the matters in the file, the evidence received at hearing, the argument of counsel, and the prerequisites for granting injunctive relief as set forth in *Morgan v. Fletcher*, 518 F.2d 236 (5th Cir. 1975), is of the opinion the plaintiff's motion for injunctive relief should be, and it is hereby, GRANTED.

Plaintiff asked for temporary, preliminary and final injunction. In light of the ample opportunity both parties had to prepare for the hearing and with the defendants' consent, the proceedings were deemed as one for preliminary injunction. Defendants waived the posting of an injunction bond by plaintiff and none is required.

Defendant Kenneth Thompson, as City Manager, and all others necessary or required to take action so to do are directed forthwith to reinstate plaintiff to the position with the City of Sarasota held on the date of his discharge with all rights and prerequisites relating thereto, and to grant the pay and allowances he otherwise would have received had he not been discharged.

The Court retains jurisdiction for purposes further required.

## ORDER

The Court has for consideration the defendants' motion for reconsideration.

On February 21, 1978, the Court granted plaintiff's motion for preliminary injunction and directed the reinstatement of plaintiff as a fireman with the City of Sarasota. On February 24, 1978, the defendants filed a motion for reconsideration and the Court on March 3, 1978 noticed a hearing on the motion. Prior to hearing the motion on March 31, 1978, the defendants filed a notice of appeal on March 20, 1978. At the hearing held on March 31, 1978, the parties expressed an interest in presenting further testimony. After the March 31, 1978 hearing, the Court noticed another hearing so that the parties could present additional testimony. The hearing was originally scheduled for April 21, 1978, but the Court continued the hearing after the defendants filed a motion for continuance citing the illness of one of the defendants as the ground for the delay. A final hearing was held on the defendants' motion for reconsideration on May 26, 1978. At the hearing both parties submitted additional evidence and the Court heard the argument of counsel. The hearing was reported and the record is available for transcription.

Upon consideration of the motion for reconsideration, the memoranda of the parties, and all the evidence, the Court is of the opinion the order of February 21, 1978 is correct and need not be modified. Accordingly, the defendants' motion for reconsideration should be and it is hereby DENIED. The Clerk of the Court is directed to supplement the record on appeal with a copy of this order.