PER CURIAM.
The state seeks review of an order of the lower court suppressing evidence seized incident to a traffic stop, concluding that the stop was illegal because there was no reasonable suspicion that a traffic violation had occurred. We affirm.
By stipulation, the only evidence presented to the court at the hearing was the arresting officer’s investigative report, which set forth that the officer stopped the defendant’s car because he had “observed the tag on the vehicle was obscured by. a[sic] ornament around the perimeter of the tag making the county name not visible.” This was asserted to be a violation of section 316.605, Florida Statutes (1995). A subsequent search of the trunk of the vehicle uncovered a quantity of cocaine.
The defendant filed a motion to suppress the cocaine, arguing that the stop of his vehicle was illegal because it is not a traffic violation to obscure the name of the county on a tag. The trial court agreed and granted the motion.
*957 Section 316.605(1), Florida Statutes (1995), provides, in relevant part, that every vehicle on the state roadways shall at all times display the license plate assigned to it by the state:.
with all letters, numerals, printing, writing, and other identification marks upon the plates clear and distinct and free from defacement, mutilation, grease, and other obscuring matter, so that they will be plainly visible and legible at all times 100 feet from the rear or front.
In construing the statute, the trial court concluded that section 316.605(1) does not require the county name be “plainly visible” because it is not an essential “identification mark” on the state’s license plate. The trial court reasoned that if the county name were such an “identification mark,” the state would not issue personalized prestige plates or the many different speciality license plates that do not bear the county name.[1] Also, section 320.06(3)(a), Florida Statutes (1995), allows any county, upon majority vote of the county commissioners, to elect to have the county name removed from the license plates sold in that county.
The state has cited no authority for the proposition that obscuring the county name in such a fashion violates section 316.605. The state relies only on the language of the statute. We agree that in using the term, “identification mark” as applied to state license plates in section 316.605(1), the legislature did not intend to include the name of the state and county at the top and bottom of the plate that identify the name of the state or county. Although the language of section 316.605 is broad, the overall statutory scheme suggests that the “identification marks” that must be visible and legible are those that “identify” the “registration.” See § 320.06(l)(b), (3)(a) (1995).
The use of license plate rims or frames which obscure the county name appearing at the bottom of the plate is a common practice of long-standing among the citizens of our state. They are frequently supplied by ear dealers and many otherwise law abiding citizens install them specially to show allegiance to a club, fraternity, college or sports team or, as a means of other self-expression. It is extremely odd that such an obvious and prevalent practice has generated no reported decisions and no enforcement that the state can identify. Absent any more clear prohibition against this activity in Florida statutes, we decline to declare it a traffic infraction.
We make one additional observation about this statute that was not raised by the parties, in the likely event this issue comes up in another district. It appears to us that essential to a correct interpretation of section 316.605 is the phrase, “visible and legible at all times 100 feet from the rear or front.”[2] Plainly, any writing contained on a Florida tag produced and sold by the state that is not “visible and legible” at 100 feet could not be an “identification mark” as referred to in this statute. Otherwise, under the statutory scheme, every citizen who complies with the law by displaying the tag assigned to it by the State of Florida would be in violation of the law requiring legibility at 100 feet. This would yield an absurd result and cannot be what the legislature intended. We question whether the state could establish that the county name on the tags supplied by the State of Florida is -visible and legible to a person with normal vision at 100 feet.
AFFIRMED.
GRIFFIN, C.J., and THOMPSON and ANTOON, JJ., concur.

. See § 320.0805-.08056, Fla. Stat. (1995).

. It appears that "they” as used in the statute, refers to “identification marks.” If "they" refers to "plates,” the state's position is no better.