DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANDREW THOMAS GIAMBERINI,**
Appellant,

v.

**DEPARTMENT OF FINANCIAL SERVICES,**
Appellee.

No. 4D13-4648

[ April 22, 2015 ]

Appeal from the State of Florida Department of Financial Services, Division of State Fire Marshal; Robert C. Sneip, Chief of Staff; L.T. Case No. 135079-13-FM.

G. Michael Keenan of G. Michael Keenan, P.A., West Palm Beach, for appellant.

Linje Rivers, Tallahassee, for appellee.

TAYLOR, J.

Appellant, Andrew Thomas Giamberini, appeals a final order of the Department of Financial Services denying his application for certification as a firesafety inspector. Because appellant's 1993 no contest plea to a felony charge disqualified him from being certified as a firesafety inspector under the relevant statutes, we are constrained to affirm.

Appellant has been certified as a firefighter in the State of Florida since 1996. At the time the Department initially certified appellant as a firefighter, the Department was aware that appellant had pleaded no contest to a felony charge of aggravated battery without a firearm in 1993. The criminal court withheld adjudication of guilt and sentenced appellant to probation. Appellant's 1993 plea to the felony charge did not disqualify him from obtaining his initial certification as a firefighter in 1996.

In November 2012, appellant applied to the Department for certification as a firesafety inspector. In April 2013, the Department notified appellant in writing that his application for firesafety inspector certification had been denied due to his 1993 no contest plea to a felony charge. The denial was

based upon Chapter 633 of the Florida Statutes. The Department conceded that it did not consider section 112.011, Florida Statutes.

The case proceeded to an informal hearing, where the Department submitted various exhibits, including the Order Withholding Adjudication of Guilt. The Department also offered the testimony of a supervisor at the State Fire Marshal Bureau of Fire Standards and Training.

Appellant called several witnesses who testified regarding his character and history as a firefighter. As just one example, appellant's direct supervisor, Chief Haubert, testified that appellant is an exemplary firefighter, a person of integrity, and a true public servant.

Appellant also testified on his own behalf and explained that, to the best of his knowledge, he never lost his civil rights.

The hearing officer issued a written report recommending that the Department enter a final order affirming the denial of appellant's application for certification as a Florida firesafety inspector "based on his felony criminal history [from the 1993 plea] and pursuant to Sections 633.216(2) and 633.412(1)(b), Florida Statutes (2013)." The hearing officer also rejected the argument that section 112.011, Florida Statutes, prohibited the Department from denying appellant's firesafety inspector certification.

In November 2013, the Department issued a final order, adopting the hearing officer's findings. This appeal ensued.

On appeal, appellant argues that the Department erred as a matter of law in its construction of the statutes governing his application for certification as a firesafety inspector. He maintains that when construed in harmony to give effect to each statute, sections 633.216(2), 633.412(1)(b) and 112.011(1)(b) compel that his application for certification be granted. Appellant reasons that because he is a certified firefighter, he also meets the qualifications for certification as a firesafety inspector.

For the reasons that follow, we disagree with appellant's interpretation of the relevant statutes.[1]

---

[1] Without further comment, we also reject appellant's argument that the Department is estopped from denying his application for certification as a firesafety inspector.

*Standard of Review*

"Although we conduct a *de novo* review of cases involving an agency's statutory interpretation, we defer to the agency's interpretation of a statute it is given the power and duty to administer when that interpretation is reasonable." *Conservation Alliance of St. Lucie Cnty. Inc. v. Fla. Dep't of Envtl. Prot.*, 144 So. 3d 622, 624 (Fla. 4th DCA 2014). "If the agency's interpretation is within the range of possible and reasonable interpretations, it is not clearly erroneous and should be affirmed." *Fla. Dep't of Educ. v. Cooper,* 858 So. 2d 394, 396 (Fla. 1st DCA 2003). "However, judicial adherence to the agency's view is not demanded when it is contrary to the statute's plain meaning." *Capo v. Fla. Pub. Emps. Council 79*, 82 So. 3d 1116, 1119 (Fla. 4th DCA 2012).

*Principles of Statutory Interpretation*

"As with the interpretation of any statute, the starting point of analysis is the actual language of the statute." *Brown v. City of Vero Beach*, 64 So. 3d 172, 174 (Fla. 4th DCA 2011). "Where a statute is clear and unambiguous, courts will not look behind the statute's plain language for legislative intent." *Archstone Palmetto Park, LLC v. Kennedy*, 132 So. 3d 347, 351 (Fla. 4th DCA 2014) (citation and internal quotation marks omitted).

But "a statutory provision should not be construed in such a way that it renders the statute meaningless or leads to absurd results." *Warner v. City of Boca Raton*, 887 So. 2d 1023, 1033 n.9 (Fla. 2004). Thus, a "statute's plain and ordinary meaning must control, unless this leads to an unreasonable result or a result clearly contrary to legislative intent." *Daniels v. Fla. Dep't of Health*, 898 So. 2d 61, 64 (Fla. 2005).

"A statute should be interpreted to give effect to every clause in it, and to accord meaning and harmony to all of its parts." *State ex rel. City of Casselberry v. Mager*, 356 So. 2d 267, 269 n.5 (Fla. 1978). A single word or provision of a statute cannot be read in isolation. *See Jones v. ETS of New Orleans, Inc.*, 793 So. 2d 912, 915 (Fla. 2001).

When statutes appear to conflict, however, a specific statute "covering a particular subject matter is controlling over a general statutory provision covering the same and other subjects in general terms." *Adams v. Culver*, 111 So. 2d 665, 667 (Fla. 1959). Similarly, "a more recently enacted statute will control over older statutes." *Fla. Virtual Sch. v. K12, Inc.*, 148 So. 3d 97, 102 (Fla. 2014). This is because "the later promulgated statute should prevail as the last expression of legislative intent." *McKendry v.*

*State*, 641 So. 2d 45, 46 (Fla. 1994).

*Constitutional Limitations on Per Se Denials of Licensure*

"[A] statute precluding licensure or certification for a particular occupation due to the conviction of a crime may not be interpreted as imposing an automatic bar against the licensure of those who have received a pardon or restoration of rights under the clemency power granted to the Governor in article IV, section 8(a) of the Florida Constitution." *Kauk v. Dep't of Fin. Servs.*, 131 So. 3d 805, 808 (Fla. 1st DCA 2014). A statute may not be interpreted as imposing a per se bar against certification of a pardoned or restored felon, as such a construction would render the statute an unconstitutional infringement on the executive's clemency power. *Id.* at 809. Therefore, a licensing agency may not deny "a license to a restored felon due to prior convictions when the licensing agency has made findings of complete rehabilitation and fitness to hold a license." *Id.* at 810. A restored felon's "complete rehabilitation renders the prophylactic purpose of the statute inapplicable to him." *Id.*

*The Relevant Statutes*

With a limited exception, "every firesafety inspection conducted pursuant to state or local firesafety requirements shall be by a person certified as having met the inspection training requirements set by the State Fire Marshal." § 633.216(2), Fla. Stat. (2013).[2] "Such person shall meet the requirements of s. 633.412(1)(a)-(d)," and must have satisfactorily completed an examination and a training program. § 633.216(2), Fla. Stat. (2013). Thus, to be certified as a firesafety inspector, an applicant must first meet the requirements for certification as a firefighter set forth in section 633.412(1)(a)-(d), Florida Statutes (2013).

Under section 633.412(1)(b), Florida Statutes (2013), a person applying for certification as a firefighter must not have been convicted of a felony. For purposes of section 633.412, the term "convicted" is defined as "a finding of guilt or the acceptance of a plea of guilty or nolo contendere, in

---

[2] Because the final agency action occurred in November 2013, we apply the 2013 statutes. *See Agency for Health Care Admin. v. Mount Sinai Med. Ctr. of Greater Miami*, 690 So. 2d 689, 691 (Fla. 1st DCA 1997) ("The agency must apply the law in effect at the time it makes its final decision."). We note, however, that even before the 2013 amendments to Chapter 633, a statutory requirement of certification as a firesafety inspector was that the applicant must not have pleaded guilty or nolo contendere to a felony. *See* § 633.081(2)(b), Fla. Stat. (2012).

any federal or state court or a court in any other country, without regard to whether a judgment of conviction has been entered by the court having jurisdiction of the case." § 633.412(1)(b), Fla. Stat. (2013).

Section 112.011(1)(b), Florida Statutes (2013), states in relevant part:

> [A] person may be denied a license, permit, or certification to pursue, practice, or engage in an occupation, trade, vocation, profession, or business by reason of the prior conviction for a crime if the crime was a felony or first-degree misdemeanor that is directly related to the standards determined by the regulatory authority to be necessary and reasonably related to the protection of the public health, safety, and welfare for the specific occupation, trade, vocation, profession, or business for which the license, permit, or certificate is sought.

Section 112.011(2)(b), Florida Statutes (2013), in turn states that "[t]his section does not apply to the employment practices of any fire department relating to the hiring of firefighters." The present case, however, involves a certification rather than an initial hiring.

*Analysis*

Under the plain language of sections 633.216(2) and 633.412(1)(b), Florida Statutes (2013), one of the requirements for becoming a firesafety inspector is that the applicant has not entered a plea of nolo contendere to a felony. Here, because appellant pleaded nolo contendere to a felony, the plain language of these statutes precluded him from obtaining a certification as a firesafety inspector as a matter of law. These statutes require a firesafety inspector to meet most of the *current* requirements for certification as a firefighter. The fact that appellant was previously certified as a firefighter under an earlier statutory scheme is irrelevant.

Moreover, contrary to appellant's argument, section 112.011, Florida Statutes (2013), does not change the result in this case. Even if it were necessary to look beyond the plain language of Chapter 633 and consult section 112.011, the rules of statutory construction support the Department's conclusion that appellant was disqualified from serving as a firesafety inspector. To the extent that section 112.011 conflicts with the provisions of Chapter 633, it is axiomatic that a specific statute controls over a general statute. Sections 633.216(2) and 633.412(1)(b) are the statutes that specifically address qualifications for certification as a firesafety inspector, and they therefore control over the general provisions of section 112.011.

We acknowledge that a federal court has held that an older version of section 112.011 modified the provisions of Chapter 633. *See Jackson v. Stinchcomb*, 451 F. Supp. 494, 496 (M.D. Fla. 1978). But the version of section 112.011 at issue in *Jackson* contained a specific provision to the effect that a firefighter "may be employed even though he has a prior felony conviction if there is a four year hiatus between either the discharge from probation or the expiration of the sentence and the date of application for employment." *Id.* at 495 (paraphrasing § 112.011(2)(b), Fla. Stat. (1973)). That four-year provision is not present in the 2013 version of section 112.011. In fact, in 2013, the Legislature deleted that provision from section 112.011(b)(2). *See* Laws of Fla. 2013-183, § 90 (deleting sentence which had read: "An applicant for employment with any fire department who has a prior felony conviction shall be excluded from employment for a period of 4 years after expiration of sentence or final release by the Parole Commission unless the applicant, before the expiration of the 4-year period, has received a full pardon or has had his or her civil rights restored.").

The 2013 amendments to Chapter 633 and section 112.011—which reflect the last expression of legislative intent—suggest that the legislature no longer intends for section 112.011 to modify Chapter 633. Thus, while the version of section 112.011 at issue in *Jackson* modified the provisions of Chapter 633, the current version of section 112.011 does not.

We also find that appellant's reliance upon *Kauk* is misplaced. Here, appellant did not receive a pardon or a restoration of his civil rights. In fact, appellant never lost his civil rights, as confirmed by his own testimony and the fact that adjudication was withheld on the felony charge. *See Bernhardt v. State*, 288 So. 2d 490, 495 (Fla. 1974) (the purpose of withholding adjudication "is rehabilitation of one who has committed the crime charged without formally and judicially branding the individual as a convicted criminal and *without consequent loss of civil rights and other damning consequences*") (emphasis added). Thus, because appellant never received a pardon or a restoration of his civil rights, applying the statute to appellant would not unconstitutionally infringe on the governor's clemency power.

We do not agree with appellant's suggestion that the Department's interpretation of the relevant statutes leads to absurd results. It cannot be said that it would be absurd for the legislature to bar applicants with felony histories from receiving certification as a firesafety inspector (even if the applicant had already obtained certification as a firefighter under an earlier statutory scheme that did not disqualify the applicant), so long as

6

the automatic denial is not an unconstitutional infringement on the governor's clemency power as applied to a particular applicant.

Although we cannot conclude that the statutory scheme in this case reaches the level of absurdity, we have serious doubts about the wisdom of denying an individual who is *already certified as a firefighter* the ability to serve as a firesafety inspector simply because that person would not initially qualify to serve as a firefighter under current law. This is particularly true in the present case. Appellant's no contest plea is over two decades old, and there is substantial record evidence that he has had an exemplary career as a firefighter.

We also find it anomalous that a felony offender who received an "adjudication withheld" (and never lost his civil rights) is in a worse position under Chapter 633 than a felony offender who was actually adjudicated guilty but later had his civil rights restored.[3] A restored felon may not be automatically disqualified from licensure, *see Kauk*, but— absent a pardon—an offender whose adjudication was withheld on a felony would never have the opportunity to establish rehabilitation and fitness to hold a certification.

*Conclusion*

While we sympathize with appellant's plight, it is the prerogative of the legislature, not the judiciary, to establish the qualifications for certification as a firesafety inspector. Based on the plain language of the relevant statutes, we affirm the Department's denial of appellant's application for certification as a firesafety inspector.

*Affirmed.*

STEVENSON and CIKLIN, JJ., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**

---

[3] We emphasize, however, that appellant has not raised an equal protection challenge to the relevant provisions of Chapter 633.