# Third District Court of Appeal

## State of Florida

Opinion filed May 9, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-564
Lower Tribunal No. 15-18797
_____

**The State of Florida,**
Appellant,

vs.

**Marcelo Pena,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Diane Ward, Judge.

Pamela Jo Bondi, Attorney General, and Christina L. Dominguez, Assistant Attorney General, for appellant.

Gonzalez & Herrera, P.A., and Manuel F. Herrera, Jr. and Dennis Gonzalez, Jr., for appellee.

Before ROTHENBERG, C.J., and SALTER and LUCK, JJ.

LUCK, J.

For license plates in Florida in 2015, "all letters, numerals, printing, writing, and other identification marks upon the plates regarding the word 'Florida,' the

registration decal, and the alphanumeric designation shall be clear and distinct and free from defacement, mutilation, grease, and other obscuring matter, so that they will be plainly visible and legible at all times 100 feet from the rear or front."  § 316.605(1), Fla. Stat. (2015).   The trial court found that the stop of defendant Marcelo Pena's car based on the tag-obstruction statute was illegal, and suppressed his confession and the search of his car following the stop.  We disagree that the stop was illegal, and reverse, because the undisputed evidence was that Pena's tag had a frame that obscured the word "Florida" at the top of this plate, violating the clear language of section 316.605(1).

*Factual Background and Procedural History*

The facts, found by the trial court, are not in dispute:

> The State presented testimony from Officer Carl Sanabria of the Miami-Dade Police Department.  The officer testified that he was working crime suppression in the Hammocks area in plain clothes in an unmarked police vehicle when he observed the Defendant's vehicle in traffic.  The Defendant was not the subject of an investigation at that time.  The officer observed that the rear license plate on the Defendant's car had a metal frame which obscured the words "MyFlorida.com" from the top portion of the license plate and "Sunshine State" from the bottom portion.  A photograph of the license plate was introduced into evidence by the State which showed a frame that is not unlike many frames used by Florida drivers and provided by auto dealers.  Officer Sanabria acknowledged that this frame did not obscure the identification number or decal number on the license plate and was clearly visible at 100 feet.  Believing that this frame constituted a violation of Florida law, he stopped the Defendant and issued him a citation.  He further testified that he smelled the order of marijuana from the car as he approached it, however no marijuana was ever found.  Upon learning that the

2

Defendant's license was suspended, he arrested the Defendant for driving while license suspended, in violation of § 322.34(2), Florida Statutes. Officer Sanabria testified that he searched the Defendant's car incident to his arrest and because he smelled marijuana. He discovered a plastic bag containing alprazolam pills. The Defendant was charged with Possession with Intent to Sell, Manufacture or Deliver a Controlled Substance, in violation of § 893.13(1)(A)(1), Florida Statutes.

Pena moved to suppress the statements he made, and the evidence found in his car, following the traffic stop because the stop based on the tag-obstruction statute was illegal.

The trial court agreed that the traffic stop was illegal, and granted Pena's suppression motion. The trial court concluded it was bound by the holding of State v. St. Jean, 697 So. 2d 956 (Fla. 5th DCA 1997), which the trial court described this way: "where a county name on a license plate was obscured by a license plate frame, this was not sufficient to show that the defendant had committed a traffic violation, and thus the police did not have a reasonable suspicion to stop the defendant's car and evidence seized pursuant to that stop was suppressed." The trial court analogized the obscured county name in St. Jean to the obscured "MyFlorida.com" and "Sunshine State" in this case, and found that "St. Jean specifically held that under circumstances presented in this case the police did not have a reasonable suspicion to stop the vehicle." Because St. Jean had not been overruled by the Florida Supreme Court, "and in the absence of interdistrict

3

conflict," the trial court concluded it was bound by the district court's decision in St. Jean.

The state appeals the trial court's order granting Pena's suppression motion. See Fla. R. App. P. 9.140(c)(1)(B) ("The state may appeal an order . . . suppressing before trial confessions, admissions, or evidence obtained by search and seizure . . . .")

*Standard of Review*

"We apply a mixed standard of review to an appeal of an order on a motion to suppress. We must 'defer to the trial court's factual findings so long as the findings are supported by competent, substantial evidence, and review de novo the legal question . . . .'" Cole v. State, 190 So. 3d 185, 188 (Fla. 3d DCA 2016) (omission in original) (quoting State v. Hankerson, 65 So. 3d 502, 506 (Fla. 2011)).

*Discussion*

The state contends that St. Jean did not compel that Pena's suppression motion be granted. We agree that St. Jean is inapplicable here because the decision was based on an older version of the statute that did not include critical language about the word "Florida" on state license plates.

In St. Jean, the law enforcement officer "stopped the defendant's car because he had observed the tag on the vehicle was obscured by a[n] ornament around the

4

perimeter of the tag making the county name not visible." St. Jean, 697 So. 2d at 956 (quotation omitted). "A subsequent search of the trunk of the vehicle uncovered a quantity of cocaine." Id. The defendant moved to suppress the cocaine, "arguing that the stop of his vehicle was illegal because it [was] not a traffic violation to obscure the name of the county on the tag." Id. The trial court granted the suppression motion, "concluding that the stop was illegal because there was no reasonable suspicion that a traffic violation had occurred." Id.

The fifth district affirmed, quoting the 1995 version of the tag-obstruction statute:

> every vehicle on the state roadways shall at all times display the license plate assigned to it by the state:
>
> > with all letters, numerals, printing, writing, and other identification marks upon the plates clear and distinct and free from defacement, mutilation, grease, and other obscuring matter, so that they will be plainly visible and legible at all times 100 feet from the rear or front.

Id. at 957 (quoting § 316.605(1), Fla. Stat. (1995)). "In construing the statute," the appellate court said, "the trial court concluded that section 316.605(1) does not require the county name be 'plainly visible' because it is not an essential 'identification mark' on the state's license plate." Id. The fifth district "agree[d] that in using the term, 'identification mark' as applied to state license plates in section 316.605(1), the legislature did not intend to include the name of the state

5

and county at the top and bottom of the plate that identify the name of the state or county." Id. (emphasis added).

While we are less sure than St. Jean about the legislature's intent in 1995, it doesn't matter here because in 2005 the legislature made its intent clear when it amended section 316.605(1) to define what it meant by "other identification marks." The 2005 amendment clarified that the "other identification marks" in section 316.605(1) were those on the license plate "regarding the word 'Florida,' the registration decal, and the alphanumeric designation," Ch. 05-164, § 39, at 1638-39, Laws of Fla., so that by the time Pena was arrested, the tag-obstruction statute read:

> Every vehicle, at all times while driven, stopped, or parked upon any highways, roads, or streets of this state, shall . . . display the license plate . . . assigned to it by the state . . ., and all letters, numerals, printing, writing, and other identification marks upon the plates regarding the word "Florida," the registration decal, and the alphanumeric designation shall be clear and distinct and free from defacement, mutilation, grease, and other obscuring matter, so that they will be plainly visible and legible at all times 100 feet from the rear or front.

§ 316.605(1), Fla. Stat. (2015) (emphasis added).[1]

---

[1] The legislature, effective January 1, 2016, amended section 316.605(1) again to remove "other identification marks upon the plates regarding the word 'Florida'" from the statute. Ch. 14-216, § 14, at 2787, Laws of Fla. Of course, the probable cause determination is made based on the facts and law at the time of the arrest, see Hutton v. Strickland, 919 F.2d 1531, 1539 (11th Cir. 1990) ("Probable cause exists when the facts and circumstances at the time of arrest would cause a prudent or reasonably cautious person to believe that the accused committed the offense."); Miami-Dade Cty. v. Asad, 78 So. 3d 660, 668 (Fla. 3d DCA 2012) ("Probable

Here, the suppression hearing evidence was undisputed that the word "Florida" was obscured by the frame on Pena's tag. The word "Florida" on Pena's tag was not clear and distinct and free from obscuring matter. In 2015, unlike the 1997 version of section 316.605(1) in St. Jean, obscuring of the word "Florida" violated the tag-obstruction statute.

*Conclusion*

We share the fifth district and the trial court's concern that license plate rims and frames are "a common practice of long-standing among the citizens of our state"; "are frequently supplied by car dealers"; and "many otherwise law abiding citizens install them specifically to show allegiance to a club, fraternity, college or sports team or, as a means of other self-expression." St. Jean, 697 So. 2d at 957. But the legislature gets to make the laws that govern our public roads and highways, see Green v. Pederson, 99 So. 2d 292, 296 (Fla. 1957) ("The Legislature, under its police power to protect the public from dangerous instrumentalities using the highways, has imposed rigid restraints, regulations, and restrictions upon the use of motor vehicles." (quotation omitted)), and it has done so clearly and unambiguously by prohibiting the obscuring of the word "Florida" on state license plates. See English v. State, 191 So. 3d 448, 449 (Fla. 2016) ("We

cause is evaluated from the viewpoint of a prudent cautious police officer on the scene at the time of the arrest." (quotation omitted)), so we only look to the 2015 version of section 316.605(1) for purposes of determining whether Detective Sanabria's stop of Pena's car was lawful.

conclude that the plain language of section 316.605(1) is clear and unambiguous . . . .").

Because Pena's tag frame obscured the word "Florida" at the top of the plate, he violated the 2015 version of section 316.605(1) and Detective Sanabria had probable cause to stop Pena's car. Pena's confession and the search of his car that followed were not tainted by an illegal stop. We, therefore, reverse the trial court's order granting Pena's motion to suppress, and remand for further proceedings.

Reversed and remanded for further proceedings.