DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HERSCHELL M. WILLIAMS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-1578

[May 13, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Elizabeth Anne Scherer, Judge; L.T. Case No. 18001337 CF10A.

Rick J. Douglas, Deerfield Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Rachael Kaiman, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

*Affirmed. See State v. Morris,* 270 So. 3d 436 (Fla. 4th DCA 2019).

MAY, DAMOORGIAN and CONNER, JJ., concur.
MAY, J., specially concurs with opinion.

MAY, J., specially concurring.

I agree with the majority that the trial court correctly denied the motion to suppress because the officer attested, and later testified that "[t]he tag was obscured . . . . I mean, you can barely see it." This fact distinguishes this case from *Morris*, where the officer testified that he could read the plate, even though the frame partially obscured the lettering.

I write to call attention to a point raised by the Fifth District Court of Appeal twenty-three years ago in *State v. St. Jean*, 697 So. 2d 956, 956 (Fla. 5th DCA 1997). There, an officer stopped the defendant because the county name was not "plainly visible." The trial court suppressed the

evidence finding that the statute did not require the county name to be "plainly visible" because it was not an essential identification mark.

The Fifth District agreed with the trial court and affirmed the suppression order. The court noted the prevalence of license plate rims or frames that obscured the county name. In doing so, it made another observation.

> It appears to us that essential to a correct interpretation of section 316.605 is the phrase, "visible and legible at all times 100 feet from the rear or front." Plainly, any writing contained on a Florida tag produced and sold by the state that is not "visible and legible" at all times 100 feet could not be an "identification mark" as referred to in this statute. Otherwise, under the statutory scheme, every citizen who complies with the law by displaying the tag assigned to it by the State of Florida would be in violation of the law requiring legibility at 100 feet. This would yield an absurd result and cannot be what the legislature intended. We question whether the state could establish the county name on the tags supplied by the State of Florida is visible and legible to a person with normal vision at 100 feet.

*Id.* While the court discussed a prior version of the statute, its point is still well-taken.

The current version of the statute provides:

> Every vehicle, at all times . . . shall be licensed . . . and shall . . . display the license plate . . . assigned to it by the state . . . and all letters, numerals, printing, writing, the registration decal, and the alphanumeric designation shall be clear and distinct and free from defacement, mutilation, grease, and other obscuring matter, **so that they will be plainly visible and legible at all times 100 feet from the rear or front**.

§ 316.605(1), Fla. Stat. (2018) (emphasis added). It too requires the "letters, numerals, printing, writing, the registration decal, and the alphanumeric designation" be plainly visible and legible from 100 feet away.

Like the Fifth District's observation, it seems to me that even when unobscured, "MyFlorida.com" and "Sunshine State" are not likely readable from 100 feet away. Yet, anyone who has a license plate, and certainly law

2

enforcement, know that those words are there. And, there is nothing about those words that distinguishes one Florida license plate from another. More importantly, there is nothing about those words that helps law enforcement identify the vehicle's owner.

We and other districts have adhered to the established legal principle that statutes should not be read to reach absurd results. *See, e.g., Giamberini v. Dep't of Fin. Servs.*, 162 So. 3d 1133, 1136 (Fla. 4th DCA 2015) ("[A] statutory provision should not be construed in such a way that it renders the statute meaningless or leads to absurd results.") (quoting *Warner v. City of Boca Raton*, 887 So. 2d 1023, 1033 n.9 (Fla. 2004)). And yet, we must apply a statute by its plain meaning.

I venture to say that more than 50% of the vehicles in this state have license plate frames on them.[1] By suggesting that common words that everyone knows exist on the top and bottom of a license provide a basis for a traffic stop when the frame covers part of their lettering leads to an absurd result. I believe it is time for the legislature to once again review this statute so that it properly serves the purpose for which it was intended.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***

---

[1] We have no way of knowing how many stops have occurred based on this statute that have not resulted in an arrest.