DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**L.S.,** a Child,
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D21-3058

[June 8, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Luis Delgado, Judge; L.T. Case Nos. 50-2019-CJ-002695-XXXX-SB, 50-2019-CJ-002749-XXXX-SB, and 50-2020-CJ-000112-XXXX-SB.

Carey Haughwout, Public Defender, and Logan T. Mohs, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for appellee.

CIKLIN, J.

L.S., a child, appeals an adjudication of delinquency and disposition. She argues that the trial court fundamentally erred by failing to have a statutorily required discussion with her prior to determining and announcing the disposition. We disagree, but write to address section 985.433(4)(c), Florida Statutes (2021), the statutory requirement on which L.S. relies.

In three different cases over the span of several months, L.S. was charged with domestic battery on her mother and a violation of a condition of pretrial release. At a hearing in July 2020, the trial court found that L.S. committed the delinquent acts, withheld adjudication, and placed L.S. on probation.

L.S. was later alleged to have violated her probation, and she admitted to the violations in plea agreements. The trial court again withheld adjudication and reinstated probation, including a requirement that L.S.

successfully enroll in and complete a program at a training center.

Sometime thereafter, L.S. was alleged to have again violated her probation by being unsuccessfully discharged from the program. L.S. entered a plea, and the trial court permitted her to return to the training center program and continued the disposition hearing.

L.S. eventually transferred to a different program and began doing well. At the next violation of probation hearing, L.S. discussed with the trial court why L.S. did not succeed in the first program and explained to the trial court her goals of getting her life on track and graduating high school. The Department of Juvenile Justice recommended probation. The trial court ordered the Department to provide an alternative recommendation and again continued the disposition hearing.

At the next disposition hearing, the testimony indicated that L.S. was doing well in her current program. The trial court continued the disposition hearing again.

At the next continued disposition hearing, the Department stated that its recommendation remained probation, but because the trial court had ordered it to provide an alternative recommendation, it recommended a non-secure residential placement. The Department reported that L.S. received a three-day suspension from her program for having a vape pen and an MP3 player, but otherwise was doing well. After hearing from the parties, the trial court stated that L.S. was "decompensating" and committed her to a non-secure residential facility.

On appeal, L.S. argues for the first time that the trial court erred by failing to engage in a discussion with her about her feelings before determining and announcing the court's disposition, as required by section 985.433(4)(c).

Because L.S.'s argument is not preserved for review, our review is limited to fundamental error. *See M.A.L. v. State*, 110 So. 3d 493, 496 (Fla. 4th DCA 2013). "[F]or an error to be so fundamental that it can be raised for the first time on appeal, the error must be basic to the judicial decision under review and equivalent to a denial of due process." *Cromartie v. State*, 70 So. 3d 559, 563 (Fla. 2011) (alteration in original) (quoting *Hannum v. State*, 13 So. 3d 132, 135 (Fla. 2d DCA 2009)).

Section 985.433, "Disposition hearings in delinquency cases," provides in relevant part:

When a child has been found to have committed a delinquent act, the following procedures shall be applicable to the disposition of the case:

. . . .

(4) Before the court determines and announces the disposition to be imposed, it shall:

. . . .

(c) Discuss with the child his or her feelings about the offense committed, the harm caused to the victim or others, and what penalty he or she should be required to pay for such transgression.

§ 985.433(4)(c), Fla. Stat. (2021).

"It is well established that courts must strictly comply with the statutory procedures surrounding a juvenile disposition hearing." *K.P. v. State*, 97 So. 3d 966, 967 (Fla. 4th DCA 2012). "Failure to strictly comply with mandatory statutory provisions for disposition hearings results in reversible error." *K.D. v. State*, 911 So. 2d 885, 886 (Fla. 1st DCA 2005).

In the case before us, the trial court never discussed with L.S. "her feelings" about the underlying charges of battery, the harm caused to her mother or others, or what penalty she should have to pay for those acts at the three post-VOP disposition hearings. However, two overarching questions remain: (1) whether section 985.433(4)(c) applies to post-VOP disposition hearings, and if so, (2) whether the failure to comply with the statute is fundamental error. We answer both questions in the negative.

First, section 985.433(4)(c) did not apply to the three disposition hearings in question. We look to the statutory language for this conclusion.

> "When the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning." *A.R. Douglass, Inc. v. McRainey*, 102 Fla. 1141, 137 So. 157, 159 (1931). "This court is without power to construe an unambiguous statute in a way which would extend, modify, or limit its express terms or its

3

> reasonable and obvious implications. To do so would be an abrogation of legislative power." *Am. Bankers Life Assur. Co. of Fla. v. Williams*, 212 So. 2d 777, 778 (Fla. 1st DCA 1968) …. Finally, "[a] statute should be interpreted to give effect to every clause in it, and to accord meaning and harmony to all of its parts." *Giamberini v. Dep't of Fin. Servs.*, 162 So. 3d 1133, 1136 (Fla. 4th DCA 2015) (citation omitted). "A single word or provision of a statute cannot be read in isolation." *Id.*

*Valencia Rsrv. Homeowners Ass'n, Inc. v. Boynton Beach Assocs., XIX, LLLP*, 278 So. 3d 714, 717 (Fla. 4th DCA 2019). "(C)ourts, in construing a statute, must, if possible, avoid such construction as will place a particular statute in conflict with other apparently effective statutes covering the same general field." *Wakulla Cnty. v. Davis*, 395 So. 2d 540, 542 (Fla. 1981) (alteration in original) (quoting *Howarth v. City of De Land*, 158 So. 294, 298 (1934)).

By its title, "Disposition hearings in delinquency cases," section 985.433 would seem to apply to the disposition hearings at issue. *See also* § 985.03(21), Fla. Stat. (2021) ("'Disposition hearing' means a hearing in which the court determines the most appropriate dispositional services in the least restrictive available setting provided for under part VII, in delinquency cases.").

Nevertheless, looking to its substantive language and defined terms, subsection 985.433(4)(c) does *not apply* to a post-VOP disposition in which no new law violation is alleged. Section 985.03 supplies definitions for chapter 985 and provides in relevant part: "'Child who has been found to have committed a delinquent act' means a child who, under this chapter, is found by a court to have committed a violation of law . . . ." § 985.03(9), Fla. Stat. (2021). "'Violation of law' or 'delinquent act' means a violation of any law of this state, the United States, or any other state which is a misdemeanor or a felony . . . ." § 985.03(53), Fla. Stat. (2021).

Pursuant to section 985.433(4)(c)'s plain language, "[w]hen a child has been found to have committed a delinquent act," and "[b]efore the court determines and announces the disposition to be imposed, it shall … [d]iscuss with the child his or her feelings about the offense committed …." § 985.433(4)(c), Fla. Stat. (2021). Because the trial court is required to have the discussion under section 985.433(4)(c) "when" the child has been found to have committed the delinquent act, the statute's plain language does not require such a discussion at a later disposition hearing at which the child has not been found to have committed a delinquent act. Instead, section 985.439, Florida Statutes (2021), entitled "Violation of probation

4

or postcommitment probation," governs the proceedings in question, and it contains no comparable discussion requirements.

L.S. was found to have committed a delinquent act in July 2020. Conversely, at the later hearings in question, she stood accused of violating her probation by failing to successfully complete a program, which does not qualify as a "delinquent act" because it was not a violation of the law. Consequently, the trial court was not required to have the discussion contemplated under section 985.433(4)(c) at the post-VOP hearings in question.

Second, even assuming arguendo that the statute applied, any error is not fundamental. "Generally, fundamental errors are those of constitutional dimension. But not all errors of constitutional dimension are fundamental." *Maddox v. State*, 760 So. 2d 89, 100 (Fla. 2000) (quoting *Judge v. State*, 596 So. 2d 73, 79 n.3 (Fla. 2d DCA 1991)). Constitutional due process encompasses the right to be heard, and the denial of that right has been held fundamental error. *See, e.g., Ibur v. State*, 765 So. 2d 275, 276 (Fla. 1st DCA 2000) ("Denial of the due process right to be heard prior to deprivation of one's liberty is fundamental error which may be raised on appeal even if not preserved below.").

However, no constitutional right specifically requires a sentencing judge to inquire about a juvenile's "feelings about the offense committed, the harm caused to the victim or others, and what penalty he or she should be required to pay for such transgression." L.S. does not contend that she was denied a right to be heard, and she was not actually denied the opportunity to be heard. Consequently, no fundamental error occurred.

Because the trial court did not err, we affirm.

*Affirmed.*

WARNER and MAY, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**